1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10   NORTH CASCADES BANK, DIVISION
OF GLACIER BANK,
11
Plaintiff,
12
vs.
13
M/Y THERAPY, Official Number
14   1128525, *in rem*; and ERIC THOMAS
STAMNES, *in personam*,
15
Defendants.
16

IN ADMIRALTY

Case No.2:22-cv-1860

[~~PROPOSED~~] ORDER APPOINTING
MARINE LENDERS SERVICES LLC AS
SUBSTITUTE CUSTODIAN

**[CLERK'S ACTION REQUIRED]**

17       Plaintiff North Cascades Bank, Division of Glacier Bank ("North Cascades") having

18   moved this Court for an Order appointing Marine Lenders Services LLC ("Marine Lenders") as

19   substitute custodian, in lieu of the U.S. Marshal, of the defendant vessels M/Y THERAPY,

20   Official No.1128525 (the "Vessel"), and all its appurtenances, and the Court having reviewed

21   North Cascades' Motion for Appointment of Substitute Custodian dated December 30, 2022, and

22   the Declaration of Buck Fowler, Jr. dated December 29, 2022 in support of that Motion, makes

23   the following recitals:

24
25
26

[PROPOSED] ORDER APPOINTING MARINE LENDERS
SERVICES LLC AS SUBSTITUTE CUSTODIAN - 1

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

**RECITALS**

1. On December 30, 2022, North Cascades filed a Verified Complaint requesting that the Vessel, its engines, machinery, and other appurtenances, be condemned and sold to pay North Cascades' claims and for other proper relief.

2. This Court will authorize the Clerk of the Court to issue a Warrant of Arrest commanding the United States Marshal for this District to arrest and take the Vessel and its appurtenances into custody and to detain it in custody until further order of this Court.

3. The Court anticipates that the United States Marshal will seize the Vessel forthwith. Custody of the Vessel by the U.S. Marshal requires the services of one or more keepers at a charge of at least $1,200.00 per day per keeper, not including charges for moorage and the other services usually associated with safekeeping vessels similar to the defendant Vessel.

4. The Vessel is currently believed to be moored at the Elliot Bay Marina in Seattle, Washington. After arrest, the Vessel may be moved to the facilities of Marine Lenders at 5350 30th Avenue NW, Seattle, Washington, or to other suitable dry storage or moorage to enhance security over the Vessel and reduce charges for security and storage of the Vessel.

5. North Cascades anticipates that, after arrest, individuals may wish to remove from the Vessel clothing and items of personal property belonging to such individuals, and that persons interested in purchasing the Vessel, either in lieu of foreclosure or in anticipation of the Marshal's sale of the Vessel, may wish to board the vessel for purposes of conducting visual examinations of the Vessel and its equipment. North Cascades agrees to facilitate the removal of items of personal property owned by individuals and inspection of the Vessel on the terms stated in this order.

6. North Cascades agrees to allow Marine Lenders to assume the responsibility of safekeeping the Vessel and its appurtenances. Marine Lenders has consented to act as custodian of the Vessel and its appurtenances until further order of this Court. Fees and expenses to be

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

charged by Marine Lenders will be substantially less than the cost of leaving the Vessel in the custody of the U.S. Marshal.

7.      Buck Fowler Jr, Managing Member by declaration, has stated that Marine Lenders has no interest in the outcome of this lawsuit, can arrange for adequate facilities and supervision for the proper safekeeping of the vessel, and has obtained the legal liability insurance through Great American (Policy No. CL1932503366) with policy limits of not less than $2,000,000, which is expected to be adequate to respond in damages for loss of or injury to the Vessel resulting from their legal liability or for damages sustained by third parties due to any acts, faults or negligence of the substitute custodian. Marine Lenders has agreed to accept custody of the vessel and its equipment in accordance with the terms of this order.

8.      In consideration of the U.S. Marshal's consent to the appointment of Marine Lenders as substitute custodian, North Cascades agrees to release the United States and the U.S. Marshal from any and all liability and responsibility arising out of the care and custody of the defendant vessel and its equipment, from the time the U.S. Marshal transfers custody of the vessel over to the substitute custodian. North Cascades further agrees to indemnify and hold the United States and the U.S. Marshal harmless from any and all claims whatsoever arising out of the substitute custodian's possession and safekeeping of the Vessel.

## **ORDER**

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1.      Upon the seizure of the Vessel and all its appurtenances in accordance with the Warrant of Arrest, the U.S. Marshal for the Western District of Washington is authorized and directed to surrender custody of the vessel to Marine Lenders as substitute custodian herein, and that upon such surrender, the Marshal shall be discharged from any duties and responsibilities for the safekeeping of the vessel and held harmless from any and all claims arising out of custodial services.

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

2.      Marine Lenders, as substitute custodian, shall see to and be responsible for the safekeeping of the Vessel. The duties of the substitute custodian shall include, but are not limited to, ensuring that there is adequate, safe dry storage or moorage for the Vessel. The substitute custodian is not required to have a person live on board the Vessel, but an officer or authorized agent of the substitute custodian shall inspect the Vessel, from time to time, to carry out the duties of substitute custodian. No other person shall be allowed to enter on the Vessel except as provided for herein or as otherwise expressly authorized by order of this Court.

3.      The Vessel may be moved by its own means, tug or other safe means from its present moorage or storage to adequate, safe dry storage or moorage at the facilities of the substitute custodian on the Lake Washington Ship Canal, Seattle, Washington or other suitable location. The substitute custodian shall notify the office of the U.S. Marshal that the Vessel is to be moved and shall again notify the office of the U.S. Marshal when the Vessel has been moved. Once the Vessel has been moved to the facilities of the substitute custodian or other suitable moorage, the Vessel shall not be moved again without further order of the Court.

4.      Marine Lenders, as substitute custodian, may if necessary offload any cargo, equipment or other items found aboard the Vessel and arrange for their storage at a suitable storage facility. The substitute custodian shall notify the office of the U.S. Marshal prior to engaging in any such offloading and again upon the completion of any such offloading.

5.      Marine Lenders, as substitute custodian, may if necessary offload any fuel and arrange for its disposal. The substitute custodian shall notify the office of the U.S. marshal prior to engaging in any such offloading and again upon the completion of any such offloading.

6.      Marine Lenders, as substitute custodian, may, but is not required to, retain a marine engineer or other qualified individual familiar with the Vessel and take such individual on board the Vessel with authorized agents of Marine Lenders, to assist in the securing of the Vessel.

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

7.      Marine Lenders, as substitute custodian, may, but is not required to, remove those pieces of electronic equipment on board the Vessel, if any, which may be removed without damage to the Vessel. Such removed electronic equipment shall be stored in a safe, secure storage pending further order of this Court.

8.      Marine Lenders, as substitute custodian, may, but is not required to, retain such services as are necessary to clean the interior or exterior of the Vessel, including the removal of food products, with such services to be performed under the supervision of the substitute custodian.

9.       North Cascades shall arrange to pay charges for moorage or dryland storage of the Vessel and the fees, costs and legal liability insurance premiums of the substitute custodian, and shall reimburse the substitute custodian for such other costs as may be incurred in taking an inventory of the equipment on board the Vessel, in securing the Vessel, in having the Vessel cleaned, in moving the Vessel, in coordinating removal of personal effects by crew members, in facilitating inspections by prospective purchasers, and in offloading any cargo or fuel from the Vessel.

10.     Prospective purchasers of the Vessel and, if requested, their designated marine surveyors, may be allowed reasonable access to the Vessel for purposes of conducting visual inspections, surveys by marine surveyors, and possible sampling of the lubricating oils of the Vessel's engines, reduction gears, generators, and other rotating machinery for chemical analysis, pursuant to the following terms and conditions:

      A.      All such inspections, surveys, and/or samplings shall be conducted under the supervision of the substitute custodian, Marine Lenders, at such times and location, and by such individuals, as may be approved by, and arranged in advance with, the substitute custodian. The costs of the substitute custodian's services for such activities shall be a *custodia legis* cost in these proceedings.

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA 98121-1128
206.624.8300 | Fax: 206.340.9599

B.     Any and all persons boarding any of the Vessel for any purpose must first provide to the substitute custodian a properly executed release in the form of the attached Exhibit A.

C.     No papers, equipment, supplies or other materials, with the exception of oil samples, may be removed from any of the Vessel except upon the prior written approval of the substitute custodian or counsel for North Cascades.

D.     This Order does not approve sea trials by any prospective purchaser.

11.     Any individual may, with the prior written permission of the substitute custodian, go aboard the Vessel for the purpose of identifying and removing clothing and other personal effects owned by that individual, and which are not furnishings, works of art, or other appurtenances of the Vessel, subject to the following conditions:

A.     Prior to any such boarding(s) the conditions stated in subparagraph 10(B), above, must be satisfied.

B.     Any personal effects sought to be removed from the Vessel must be specifically identified in writing to North Cascades' satisfaction and their removal specifically authorized in writing by North Cascades or its counsel prior to removal.

12.     Subject to final approval by the Court, all fees, costs and expenses incurred by North Cascades or the substitute custodian under the terms of this order shall be deemed administrative expenses of the U.S. Marshal.

//

//

//

//

//

//

//

[PROPOSED] ORDER APPOINTING MARINE LENDERS
SERVICES LLC AS SUBSTITUTE CUSTODIAN - 6

13.     Counsel for North Cascades shall send a copy of this order to the owner of the

Vessel at the last address known by North Cascades, and to the address shown on the record of

the U.S. Coast Guard by Certified Mail, Return Receipt Requested.

DATED: _12/30/2022_

_____

Hon. _BRIAN TSUCHIDA_
~~U.S. District Court~~ Magistrate Judge

Presented by:

MILLER NASH LLP

s/Jess G. Webster
Jess G. Webster, WSBA No. 11402
MILLER NASH LLP
Pier 70, 2801 Alaskan Way, Suite 300
Seattle, WA  98121-1128
Tel:  (206) 624-8300
Fax:  (206) 340-9599
Email: jess.webster@millernash.com

Attorneys for North Cascades Bank,
Division of Glacier Bank

[PROPOSED] ORDER APPOINTING MARINE LENDERS
SERVICES LLC AS SUBSTITUTE CUSTODIAN - 7

**EXHIBIT A**

**WAIVER OF AND RELEASE FROM LIABILTY**

Each of the undersigned, in consideration of being permitted to board the vessel M/Y THERAPY, Official Number/Registration Number 1128525, for the purposes of inspection and/or survey, does agree to and does hereby waive his/her rights whatever arising from any possible injury, illness, and/or death to him/her which may result from going onto, or off of, and being on board the vessel for such purpose.

The undersigned understands and agrees that his/her execution hereof constitutes a full release from any and all liability for any injury, illness, and/or death, and any and all damages arising from his/her going onto, or off of, and being aboard the vessel. The release of liability extends to the benefit of:

1. U.S. Government and the U.S. Marshal's Service, their agents and employees;

2. Peoples Bank (plaintiff), and its agents, employees and their interested underwriters;

3. Miller Nash LLP, and its agents, employees and their interested underwriters;

4. The owner(s) of the above identified vessel, and their agents, employees and interested underwriters;

5. Marine Lender's Service, LLC, Substitute Custodian, and its agents, employees and her interested underwriters;

6. The above identified vessel, its engines, machinery and appurtenances and its interested underwriters.

The undersigned understands and agrees that he/she shall be liable for any damage to the aforesaid vessel, including, but not limited to its hull, engines, machinery, appurtenances, furnishings, cargo, etc. arising out of any actions or activities of any nature undertaken by him/her in relation to his/her boarding the vessel, such liability to attach to him/her whether such actions or activities are negligent or not and whether the actions or activities of the U.S. Marshal, his keeper, the United States of America, and/or the substitute custodian are negligent or not.

The undersigned further understands and agrees that the terms and conditions of this Waiver of and Release from liability extend to and are binding upon his/her heirs, assigns, and administrators.

**I HAVE READ THE FOREGOING WAIVER OF AND RELEASE FROM LIABILITY AND FULLY UNDERSTAND ITS CONTENTS.**


SIGNATURE:_____     DATED:_____


SIGNATURE:_____     DATED:_____


SIGNATURE:_____     DATED:_____